[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14451
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:08-tp-20072-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO PENDAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2011)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerardo Pendas appeals the sentence imposed upon revocation of his supervised release, 18 U.S.C. § 3583(e)(3). Because we conclude that Pendas's sentence is reasonable, we affirm.

In 2004, Pendas pleaded guilty to conspiracy to distribute drugs and illegal use of a communications facility and was sentenced to 72 months' imprisonment to be followed by 5 years of supervised release. In 2007, Pendas began his term of supervised release.

In 2008, the district court revoked Pendas's supervised release after Pendas pleaded guilty to conspiracy to possess with intent to distribute cocaine. The undisputed guidelines range for the violation was 24 to 30 months' imprisonment. The government requested that the sentence run consecutive to the 97-month sentence Pendas received in the conspiracy case. Pendas requested the sentences run concurrently.

The district court considered the parties' statements and the advisory guideline range, and sentenced Pendas to 24 months' imprisonment to run consecutively to the 97-month term imposed for the drug conspiracy offense. Pendas now appeals, challenging the reasonableness of his sentence.

A sentence imposed upon revocation of supervised release is reviewed for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir.

2

2006). "[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008). We review both the procedural and substantive reasonableness of a sentence for an abuse of discretion. *Id.* at 1273 n.25.

In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (citation and quotation omitted). But the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotation omitted).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We will vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, __ S.Ct. __ (2011).

When sentencing a defendant upon revocation of supervised release under 18 U.S.C. § 3583(e), a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a): (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the Sentencing Guidelines' range; (4)

pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e). The sentence imposed must be sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2). 18 U.S.C. § 3553(a).

We have consistently held that the policy statements in Chapter Seven are merely advisory and not binding, but the district court is nevertheless required to consider them. *United States v. Silva*, 443 F.3d 795, 799 (11th Cir. 2006). When the court imposes a sentence upon revocation, "the court should sanction primarily the defendant's breach of trust . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G., ch. 7, pt. A, comment. (n.3(b)); *see also* U.S.S.G. § 7B1.3(f) ("[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment the defendant is serving," even if the sentence being served resulted from the same offense that constituted the basis for the revocation of supervised release).

On review, we conclude that the district court did not abuse its discretion by imposing a sentence to run consecutively to Pendas's 97-month sentence, and the

sentence imposed was both procedurally and substantively reasonable. The court considered and adequately weighed the § 3553(a) factors. It was not an abuse of discretion for the court to give more weight to the guideline's suggestion that Pendas's sentence run consecutive because Pendas was not being sentenced for the violating offense but rather for his breach of trust. Accordingly, we affirm.

**AFFIRMED.**